UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| DARRELL FRANK CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:21-CV-151 |
| | ) | |
| CHISHOLM, CHISHOLM & KILPATRICK, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] to proceed *in forma pauperis.* The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Plaintiff is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For that reason, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma*

*pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if its states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, Plaintiff's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827. [1] The Court recommends that Plaintiff's claim not proceed for the reasons stated below.

I.     FACTUAL ALLEGATIONS

In the instant action, Plaintiff alleges Chisholm, Chisholm & Kilpatrick, USAA, the Department of Veterans Affairs, and the 117th Congress of the United States of America have violated the Constitution and laws of the United States; however, Plaintiff fails to describe how they have done so. Instead, Plaintiff turns immediately to the relief he is requesting. Plaintiff asks

---

[1] While Plaintiff is not a prisoner, 28 U.S.C. § 1915 is not limited to prisoner suits despite its references to prisoners. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

that the Court require Defendants to pay all money they currently owe to him. Additionally, Plaintiff asks that Defendants be enjoined from further unlawful contact. More specifically, Plaintiff requests that (1) any power of attorney over him be revoked; (2) all implants in him be removed; (3) all surveillance of him cease; and (4) all forced medication of him be ended. Plaintiff concludes with a request that his driving privileges be restored.

## II. LEGAL ANALYSIS

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). The Sixth Circuit has explained that "[t]he former [deficiency] occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations." *Id.* Here, the Court is presented with claims that allege that Plaintiff has been the victim of unwanted surveillance and implants but provide no details as to who engaged in this conduct. The Court finds this sort of allegation to be frivolous. *See Maxey v. Obama*, No. 2:21-CV-28, 2021 WL 2492747 (E.D. Tenn. Apr. 19, 2021), *report and recommendation adopted,* No. 2:21-CV-28, 2021 WL 2492527 (E.D. Tenn. June 17, 2021). Even if the Court assumed, *arguendo*, that Defendant's allegations were not frivolous, this complaint would fail for lack of supporting facts. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (observing that courts need not conjure up facts on a pro se litigant's behalf). For these reasons, the pending Complaint should not proceed beyond the §1915 screening stage.

### III. CONCLUSION

As set forth above, federal courts will only entertain claims with legal and factual merit; therefore, it is **RECOMMENDED** that Plaintiff's Complaint [Doc. 2] be **DISMISSED** with prejudice because the claims set forth therein are devoid of legal and factual merit.

This Report and Recommendation is to be presented to the District Court under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).